UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

CASE NO.: 6:14-cv 958-ON-22DAB

                          Plaintiff,

v.

AMY CUSHING, individually and as Personal
Representative of the Estate of BRANDON
MICHAEL FRITZ, Deceased; AMATEUR
ATHLETIC UNION OF THE UNITED STATES, INC.,
a Foreign corporation, BREVARD ELITE PALM BAY, INC.
a Florida corporation, DAVID TYRONE JOHNSON,
ZACHARY STEPHEN ROY, ROBERT JACOB ROY,
ROBERT A. ROY, and SHANNON ROY,

                          Defendants.

_____/

## COMPLAINT FOR DECLARATORY RELIEF
## JURY TRIAL DEMANDED

      Plaintiff, State Farm Mutual Automobile Insurance Company (herainafter

referred to as "State Farm"), by and through its undersigned counsel and pursuant to 28

U.S.C. Section 2201 and Federal Rule of Civil Procedure 57, petitions this Court for

declaratory judgment as follows:

### PARTIES

    1.    Plaintiff STATE FARM MUTUAL AUTOMOBILE INSURANCE

COMPANY (hereinafter "State Farm") is an Illinois corporation with its principal place

1

of business in the State of Illinois.  State Farm is authorized to do business in the State of Florida.

2.     Defendant, AMY CUSHING, individually and as Personal Representative of the Estate of BRANDON MICHAEL FRITZ, Deceased, is and was at all material times a resident of Brevard County, Florida.

3.     Defendant, AMATEUR ATHLETIC UNION OF THE UNITED STATES, INC., is a New York corporation with its principal place of business in New York. Amateur Athletic is authorized to do business in the State of Florida.

4.     BREVARD ELITE PALM BAY, INC. is a Florida corporation doing business in the State of Florida.

5.     DAVID TYRONE JOHNSON is and was at all material times a resident of Brevard County, Florida.

6.     ZACHARY STEPHEN ROY is and was at all material times a resident of Brevard County, Florida.

7.     ROBERT JACOB ROY is and was at all material times a resident of Brevard County, Florida.

8.     ROBERT A. ROY is and was at all material times a resident of Brevard County, Florida.

9.     SHANNON ROY is and was at all material times a resident of Brevard County, Florida.

## JURISDICTION AND VENUE

10.     The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

11.     This is a cause of action between the citizens of different states, and the Plaintiff is diverse in citizenship from all Defendants.

12.     Pursuant to Title 28, Section 1332, of the United States Code, this Court has jurisdiction over this matter.

13.     Pursuant to Title 28, Section 1391(a), of the United States Code, the Middle District of Florida is an appropriate venue for this action.

## CLAIM FOR DECLARATORY RELIEF

14.     This is an action for declaratory relief filed pursuant to 28 U.S.C. §2201 in which State Farm seeks a declaration of the rights and other legal relations of the parties under an insurance policy issued by State Farm as it pertains to an automobile accident which occurred on May 25, 2012.

15.     State Farm issued an automobile insurance policy numbered 023596059H to Robert A. Roy as the named insured (hereinafter referred to as the "State Farm Policy"). A true and correct copy of the State Farm Policy is attached hereto as Exhibit "A".

16.     The State Farm Policy listed as the insured vehicle under that insurance policy a 2007 Dodge Ram pickup truck ("Dodge truck").

17.     The State Farm Policy provided bodily injury liability insurance coverage pursuant to the terms, conditions and limitations of that policy.

18.     Jake Roy was one of the coaches of a youth basketball team. One of the team members was his younger brother, Defendant Zachary Roy. The team attended a tournament in Orlando, Florida on March 25, 2012.

3

19.    On March 25, 2012, Defendant, Robert J. Roy (hereinafter referred to as "Jake Roy"), owned a 2000 Chevrolet Tahoe, VIN #GNEC13R6YR138170 ("Suburban"), which was being operated by Defendant Zachary Roy, with the permission of Jake Roy. An accident occurred on I-95 in Brevard County.  Lucious McKay, Dymond Thomas, Michael McCauley, Alexander Hartfield and Brandon Fritz were passengers in the Suburban at the time of the accident.

20.    Amy Cushing, as Personal Representative of the estate of Brandon Fritz has filed an action for damages in the Circuit Court of Brevard County, Florida against AMATEUR ATHLETIC UNION OF THE UNITED STATES, INC., BREVARD ELITE PALM BAY, INC., DAVID TYRONE JOHNSON, ZACHARY STEPHEN ROY, ROBERT JACOB ROY, ROBERT A. ROY, and SHANNON ROY contending that the single vehicle accident was caused by negligence or fault of the Defendants.  This action will be hereinafter referred to as the "Cushing Action".  A true and correct copy of the Complaint filed by the Plaintiffs in the Cushing Action is attached hereto as Exhibit "B".

21.    Cushing has asserted that the State Farm Policy provides liability insurance coverage for the claims asserted against the Defendants in the Cushing Action.  State Farm has asserted that liability insurance coverage for these claims may not be provided by the State Farm Policy because of the following language of that policy:

> ***Newly Acquired Car*** – means a ***replacement car*** or an ***additional car***.
>
> > ***Replacement Car*** – means a ***car*** purchased by or leased to ***you*** or ***your spouse*** to replace ***your car***.  This policy will

4

only provide coverage for the *replacement car* if *you* or *your spouse*:

1. tell us about it within 30 days after its delivery to *you* or *your spouse*; and

2. pay us any added amount due.

*Additional Car* – means an added *car* purchased by or leased to *you* or *your spouse*.  This policy will only provide coverage for the *additional car* if:

1. It is a *private passenger car* and we insure all other **private passenger cars**; or

2. It is other than a *private passenger car* and we insure all cars

owned by *you* or *your spouse* on the date of its delivery to you or your spouse.[1]

*     *     *

*Non-Owned Car* – means a car not owned, registered or leased by:

1. *you, your spouse*;

2. any *relative* unless the *car* meets the requirements described below;

3. any other *person* residing in the same household as *you, your spouse* or any *relative*; or

4. an employer of *you, your spouse* or any *relative*.[2]

*     *     *

---

[1] This definition continues to provide liability coverage for the "additional car" or the "newly acquired car" only for a short period of time after it is acquired.

[2] The definition expands the definition of "non-owned car" when it is owned by a relative, has been insured for liability coverage and is driven by an insured who does not own or lease the car.  That provision does not apply here because we have been advised that there was no liability insurance at all on the accident vehicle.  The definition also excludes from "non-owned car" a rented car used in the insured's employment or business and a car which has been operated by an insured for the last 14 days.

*Relative* – as used in Sections I, III, IV and V means a *person* related to *you* or *your spouse* by blood, marriage or adoption (including a ward or foster child) who resides primarily with *you*. It includes *your* unmarried and unemancipated child away at school.

\*          \*          \*

*Spouse* – means *your* husband or wife who resides primarily with *you*.

\*          \*          \*

*Temporary Substitute Car* – means a *car* not owned by *you* or *your spouse*, if it replaces *your car* for a short time. Its use has to be with the consent of the owner. *Your car* has to be out of use due to its breakdown, repair, servicing, damage or *loss*. A *temporary substitute car* is not considered a *non-owned car*.

22.     The Suburban involved in the accident would clearly not be considered a "newly acquired car" (either a replacement car or an additional car), because it was not owned by State Farm's named insured or State Farm's named insured's spouse.

23.     At the same time, it is unlikely that the accident Suburban could be considered to be a "temporary substitute car," because there is no suggestion that the Dodge truck was out of service.

24.     Thus, the only way the policy would provide liability insurance coverage to any of the Defendants is if the Suburban involved in the accident could be considered a "non-owned car" under the above definition.

25.     If the accident Suburban is considered to be a "non-owned car" under the above definition, the policy provides coverage only to:

1.     the *first person* named in the declarations;

2.     his or her *spouse*;

6

3.      their *relatives*; and

4.      any *person* or organization which does not own or hire the car but is liable for its use by one of the above *persons*.

26.      The application of any of these provisions depends upon who "resided primarily" with whom on the date of the accident.

27.      Robert A. Roy is an "insured" under the policy as the named insured.

28.      One or more of the Roys contend that they are entitled to liability coverage under the policy for the May 25, 2012 motor vehicle accident.

29.      Plaintiff State Farm disagrees and believes that there is no coverage.

30.      Amy Cushing, Amateur Athletic Union of The United States , Inc., Brevard Elite Palm Bay, Inc. and David Tyrone Johnson have been made a Defendant to this action for declaratory relief because each of them has an interest in determining whether the State Farm Policy provides liability insurance coverage for some or all of the claims which have been asserted against Robert A. Roy, Jake Roy, Shannon Roy and Zachary Roy in the Cushing Action.

31.      Pursuant to 28 U.S.C. Section 2201, and Federal Rule of Civil Procedure 57, State Farm requests this Honorable Court to declare the rights and obligations of the parties to this action as they pertain to the State Farm Policy and the Cushing Action, including whether the State Farm Policy provides liability insurance coverage for the claims asserted by Cushing in the Cushing Action.

32.      State Farm, pursuant to 28 U.S.C. §2202, also requests such necessary or proper relief as may be necessary after the rights of the parties have been adjudicated.

33.      State Farm requests an award of the costs of this action.

## JURY TRIAL DEMAND

34.    Pursuant to Federal Rule of Civil Procedure 38, State Farm demands trial by jury on all issues so triable.

DATED:   _June 17, 2014_ .

_Cynthia B Beissel_

F. Bradley Hassell, Esq.
Florida Bar No. 0260592
Cynthia B. Beissel, Esq.
Florida Bar No. 0631582
Hassell-Legal, P.A.
1616 Concierge Blvd. Suite 100
Daytona Beach, FL 32117
Ph:    (386) 238-1357
Fax:    (386) 258-7406
Attorneys for Plaintiff

8